UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRYSTAL McCLELLAND,
as next friend for A.N.,

        Plaintiff,                Civil No. 06-12811-BC

v.                                         Honorable Thomas L. Ludington

WAL-MART STORES EAST, L.P., d/b/a
Wal-Mart Supercenter,

        Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

On June 23, 2006, Plaintiff Crystal McClelland, as next friend of her daughter, filed claims of negligence and breaches of warranty for an injury allegedly sustained after her daughter fell while carrying a chair allegedly purchased from Defendant Wal-Mart Stores. On July 5, 2006, Defendant was served via certified mail with Defendant's registered agent. Twenty days later, Defendant had not responded. On August 29, 2006, the clerk entered default against Defendant, at Plaintiff's request. On September 21, 2006, Defendant filed the instant motion to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c). During the hearing on November 16, 2006, Plaintiff's counsel requested reimbursement for his expenses, in the event that the Court granted Defendant's motion.

Despite Defendant's administrative inattention, for reasons stated on the record, Defendant has met the three factors for determining whether good cause was shown for setting aside a default. *See Berthelson v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). The Court found that Plaintiff will not be prejudiced by the delay of a few months and that Defendant identified meritorious defenses. Regarding the remaining factor of culpability, Defendant submitted an affidavit describing the unintentional oversight that resulted in its failure to respond. Although Defendant failed to appear

and plead, "it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 195 (6th Cir. 1986).

Accordingly, it is **ORDERED** that Defendant's motion to set aside the default [dkt # 11] is **GRANTED**.

It is further **ORDERED** that Plaintiff's request for expenses is **GRANTED**, and that costs will be awarded to Plaintiff for the rate and time stated on the record. The parties shall confer to establish the exact figure and may apply to the Court if they are unable to reach consensus.

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: November 17, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2006.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS