UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRYSTAL McCLELLAND,
as next friend for A.N.,

        Plaintiff,        Civil No. 06-12811-BC

v.        Honorable Thomas L. Ludington

WAL-MART STORES EAST, L.P., d/b/a
Wal-Mart Supercenter,

        Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION
### TO REINSTATE CASE AND ALLOW FOR FILING
### OF SECOND AMENDED COMPLAINT

On June 23, 2006, counsel for Plaintiff Crystal McClelland, as next friend of her daughter, filed a product liability claim against Defendant Wal-Mart Stores East, L.P., arising out of its sale of an allegedly defective folding chair.  Plaintiff asserted federal subject matter jurisdiction based only on diversity of citizenship.  On November 30, 2006, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332.  On December 6, 2006, Plaintiff responded but still failed to identify the citizenship of the limited partners in Defendant limited partnership.  On December 8, 2006, Defendant filed a motion to dismiss for lack of subject matter jurisdiction.  On January 28, 2007, the Court granted that motion.

On February 16, 2007, Plaintiff filed a motion to reinstate the case and to allow filing a second amended complaint.  Attached to that motion was a proposed second amended complaint, which purported to cure the subject matter jurisdiction deficiencies.  Plaintiff did identify the partners that comprise Defendant, which she pleads are Wal-Mart Stores East, Inc. and WSE Investment, L.L.C..  Yet the allegations there, as well as subsequent efforts to demonstrate the

jurisdictional requisites through electronic correspondence copied to all parties and the Court, did not suffice to demonstrate complete diversity.

A plaintiff must affirmatively plead citizenship to invoke diversity jurisdiction.  *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).  A complaint must state the residency of the partners to establish the citizenship of a partnership.  *See Hooper v. Wolfe*, 396 F.3d 744, 749 (6th Cir. 2005).  Similarly, a complaint must state the residency of the members of a limited liability company to establish the citizenship of that limited liability company.  *See International Flavors and Textures, LLC v. Gardner*, 966 F. Supp. 552, 554-555 (W.D. Mich. 1997).  Finally, the citizenship of a corporation requires the state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  Because Plaintiff has yet not overcome the defects in her pleading of the requisites for subject matter jurisdiction, no further consideration of this civil action is warranted.

Additionally, the Court has reviewed the parties' submissions and concludes that further oral argument will not aid in the disposition of the motion.  Accordingly, it is **ORDERED** that the motion be decided on the papers submitted.  *See* E.D. Mich. LR 7.1(e)(2).

It is further **ORDERED** that Plaintiff's motion to reinstate the case and to permit the filing of a second amended complaint [dkt #25] is **DENIED**.

It is further **ORDERED** that the scheduling conference and hearing scheduled for **March 21, 2007** at 2:30 p.m. is **CANCELLED**.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: March 16, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2007.

                s/Tracy A. Jacobs
                TRACY A. JACOBS